IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TAMAH JADA CLARK, | : | HABEAS CORPUS |
| Petitioner, | : | 28 U.S.C. § 2254 |
| | : | |
| v. | : | |
| | : | |
| MR. STANLEY WILLIAMS, | : | CIVIL ACTION NO. |
| Respondent. | : | 1:14-CV-2703-WBH-LTW |

## FINAL REPORT AND RECOMMENDATION

Petitioner, pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1.) Petitioner stated in the first sentence of her petition that she was seeking relief "pursuant [to] 28 U.S.C. § 2254(a), in behalf of my husband, Jason Joseph Clark," who is confined at Smith State Prison in Glennville, Georgia. (*Id.* at 1.) Petitioner named the warden of Smith State Prison as Respondent. (*Id.*) Petitioner's husband ("Mr. Clark") did not sign the petition, (Doc. 1), and there is no evidence that he consented to its filing.

Section 2254 provides "for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Nothing in Petitioner's petition indicated that she is "in custody

pursuant to the judgment of a State court." (Doc. 1.) Only Mr. Clark is in such custody. (*Id.*) Section 2254 thus offers no relief to Petitioner, personally.

Petitioner claimed in the petition that Mr. Clark's "detention . . . is unlawful; and if given the opportunity, [Petitioner] will gladly come to court . . . and prove it." (*Id.* at 5.) Petitioner asked the Court "to immediately issue a writ of habeas corpus demanding that [Respondent] . . . bring my husband, [Mr. Clark], . . . before this Court and prove the impossible: that the STATE OF GEORGIA had lawfully obtained my husband's consent to interact with that forum – (without his knowledge) – or simply let my husband go." (*Id.* at 6-7.)

The petition is thus indisputably an attempt by Petitioner "in behalf of my husband" to have Mr. Clark released from his confinement that is "pursuant to the judgment of a State court." *See* Doc. 1 at 1; 28 U.S.C. § 2254(a). Petitioner identified no reason why Mr. Clark cannot personally seek habeas relief regarding his confinement or contend that he cannot do so. (Doc. 1.)

There is no legal basis upon which Petitioner may seek habeas relief for Mr. Clark. The law generally allows only the person for whom the relief is sought – Mr. Clark here – or a licensed and admitted lawyer to seek that relief in court. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct

2

AO 72A
(Rev.8/82)

their *own* cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." (emphasis added)); LR 83.1, NDGa. (governing attorney admission to and practice before the Court).

Thus, on August 22, 2014, the Court issued an Order advising Petitioner that she could not pursue this case on behalf of, or in place of, Mr. Clark because she is not a lawyer admitted to practice before the Court and showed no other basis upon which she could proceed on Mr. Clark's behalf. (Doc. 6.) The Court advised Mr. Clark that if he sought a writ of habeas corpus regarding his judgment of conviction he must personally submit a petition within twenty-one days. (*Id.*) The Court provided Mr. Clark a petition form and advised him that failure to submit a petition may result in dismissal of this case. (*Id.*)

Either Mr. Clark or Petitioner responded with a notice, which states that Mr. Clark "do[es] not seek a writ of habeas corpus from this Court" and "do[es] not wish to be made party to this or any other habeas corpus action at this time." (Doc. 9 at 1-2.) The notice is signed with Mr. Clark's name "By Power of Attorney" and is also signed by Petitioner. (*Id.* at 2, 4.) It is not clear if Mr. Clark personally signed the notice or if Petitioner signed his name.

3

Regardless of whether the notice came from Mr. Clark, he has filed no petition in response to the Court's August 22, 2014 Order, and the time for doing so has expired. (*See* Doc. 6.) And nothing suggests that Mr. Clark cannot personally seek habeas relief. Petitioner thus cannot seek habeas relief on Mr. Clark's behalf. *See Francis v. Warden, FCC Coleman-USP*, 246 F. App'x 621, 622-23 (11th Cir. 2007) (holding that habeas petition must be dismissed because there was no basis for wife to file it on husband's behalf); *Lonchar v. Zant*, 978 F.2d 637, 643 (11th Cir. 1992) ("A third party can seek review of that conviction and sentence only when she can prove that the real party in interest is unable to litigate his own cause."); *Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978) (those not authorized to practice law may not seek habeas relief on behalf of a confined person even if the confined person executes a power of attorney because they "are not entitled to have an unlicensed lay person represent them . . . in the district court").

Because Petitioner can obtain no relief under § 2254 for herself or Mr. Clark, the Court lacks jurisdiction over this case. *See Francis*, 246 F. App'x at 623.

4

Accordingly, **IT IS RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE**.

**SO RECOMMENDED**, this ___19___ day of ___September___, 2014.

_____

LINDA T. WALKER

UNITED STATES MAGISTRATE JUDGE

5