IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TAMAH JADA CLARK, | :: | PRISONER HABEAS CORPUS |
|     Petitioner, | :: | 28 U.S.C. § 2254 |
| | :: | |
| v. | :: | |
| | :: | |
| MR. STANLEY WILLIAMS, | :: | CIVIL ACTION NO. |
|     Respondent. | :: | 1:14-CV-2703-AT |

## **ORDER**

Petitioner filed a petition for a writ of habeas corpus, ostensibly in behalf of her husband, who is a state prisoner pursuant to a judgment of conviction entered in Gwinnett County, Georgia. Magistrate Judge Walker directed that a petition form be sent to Mr. Clark and gave him the opportunity to personally submit a petition [6]. He did not do so. The Court instead received a notice that Mr. Clark does not wish to be a party to this action [9]. Judge Walker recommends dismissing the petition without prejudice for lack of jurisdiction because Petitioner is not an attorney and has not shown that Mr. Clark is incapable of personally seeking habeas relief [11]. *See Lonchar v. Zant*, 978 F.2d 637, 643 (11th Cir. 1992) ("A third party can seek review of [a] conviction and sentence only when she can prove that the real party in interest is unable to litigate his own cause.").

Petitioner filed objections to the R&R. (Doc. 13.) A district judge must conduct a careful and complete review of a magistrate judge's R&R, *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982), and "make a de novo determination of those

portions of the [R&R] to which objection is made," 28 U.S.C. § 636(b)(1)(C). Those portions of the R&R for which there is no objection are reviewed only for clear error. *See United States v. Woodard*, 387 F.3d 1329, 1334 (11th Cir. 2004) ("District judges do not actually have to exercise de novo review of magistrate judges' decisions, however, unless an objection is made.").

Judge Walker reasonably construed Petitioner's filings as seeking habeas relief in behalf of Mr. Clark to secure his release from state confinement. But Petitioner says that is "categorically false" and an "ignorant[]" and "idiotic" claim by Judge Walker. (Doc. 13 at 11.) Petitioner says her claim is that Mr. Clark holds the status of "freemen" and not "freedmen" and thus has "unalienable rights guaranteed from encroachment by the U.S. Federal Government." (*Id.* at 12-13.) Petitioner says that her petition is for Mr. Clark's "lawful exoneration from confinement under a judgment from a State court" and "was designated by [her] to be in behalf of an (non-combatant) alien detainee, because the U.S. Federal Government from its very inception was to be considered as a FOREIGN entity with respect to the several states/states of the Union and each of their people/nationals." (*Id.* at 13.) Finally, Petitioner rejects the law cited in the R&R because "as it pertains to my husband and I (as freemen under the Organic Constitution), laws are made by the Legislative Branch and not the Judicial or Executive Branches." (*Id.* at 16.)

Petitioner's objections lack merit.  Petitioner has not shown, in her briefs or otherwise, a legal basis for her to seek habeas relief in behalf of Mr. Clark.  Even if there was a legal basis, Petitioner's claim that Mr. Clark is unlawfully confined simply because he is an "alien detainee" and one of the "freemen" outside the jurisdiction of the federal government is without legal merit.  (*See id.* at 16-18.)

Accordingly, the Court **OVERRULES** Petitioner's objections [13] and **ADOPTS** the R&R [11] as the opinion of the Court.  This case is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED** this 28th day of April, 2015.

_____
AMY TOTENBERG
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)